# United States Bankruptcy Court

## Middle District of Tennessee, Nashville Division
In re: **Commissary Operations, Inc**, Case No. **08-06279**

Court ID (Court use only)_____

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C § 1111(a) Transferee hereby gives notice pursuant to Rule 3001(e)(1), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice

| | |
|---|---|
| Name of Transferee<br>**Argo Partners** | Name of Transferor<br>**Fresh Mark Inc, d/b/a Sugardale Foods** |
| Name and Address where notices and payments to transferee should be sent<br>**Argo Partners**<br>**12 West 37th Street, 9th Floor**<br>**New York, NY 10018**<br>Phone:<br>**(212) 643-5457** | Court Record Address of Transferor<br>(Court Use Only)<br><br>Last Four Digits of Acct #: _____<br><br>Name and Current Address of Transfer<br>**Fresh Mark Inc, d/b/a Sugardale Foods**<br>**1888 Southway Street SE**<br>**Massillon, OH 44648**<br>Phone:<br>**(330) 834-3583**<br><br>Court Claim # (if known):<br><br>Date Claim Filed: |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ Paul S. Berg                                     Date: 9/22/2009
Transferee/Transferee's Agent
*Penalty for making a false statement* Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U.S.C §§ 152 & 3571

---
**~~DEADLINE TO OBJECT TO TRANSFER~~**

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____

_____
**CLERK OF THE COURT**

# ASSIGNMENT OF CLAIM

...c., d/b/a **Sugardale Foods**, having a mailing address at 1888 Southway Street SE, Massillon, Ohio 44648 , in consideration of the sum of Purchase Price"), does hereby transfer to Argo Partners, which Argo Partners II LLC and Argo Partners Fund III LLC, having an address at 12 West 37th Street, 9th Fl. New York, NY ("Assignee") all of Assignor's right, title and interest in and to the Administrative Expense Claim or claims of Assignor under .tion 503(b)(9) of title 11 of the United States Code ("Bankruptcy Code"), as more specifically set forth (the "Claim") against **Commissary Operations, Inc.**, ("Debtor") Debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the **Middle District of Tennessee** (the "Court"), Case No. **08-06279** in the currently outstanding amount of $424,734.49 and all rights and benefits of Assignor relating to the Claim and Assignor's rights to receive all interest, penalties and fees, if any, which may be paid with respect to the Claim against the Debtor, its affiliates, any guarantor or other third party, together with voting and other rights and benefits arising from, under or relating to any of the foregoing, and all cash, securities, instruments and other property which may be paid or issued by Debtor in satisfaction of the Claim The Claim is based on amounts owed to Assignor by Debtor as set forth below and this assignment shall be deemed an absolute and unconditional assignment of the Claim for the purpose of collection and shall not be deemed to create a security interest.

Assignor also has (or will have) pursuant to the Motion (as defined below) an allowed post-petition administrative claim for $15,265.51, which the Debtor proposes to pay in cash. That claim is not sold to Assignee hereunder, and Assignor retains all rights to that claim, including to the $15,265.51 to be distributed thereon, and it and any and all moneys previously paid to Assignor by Debtor are not part of the Claim.

**Assignor represents and warrants that on September 1, 2009 the Debtor filed a motion for the approval of the Debtor's settlement with the Assignor (the "Motion"). The deadline to object to the relief requested in the Motion is September 21, 2009. The Assignor does not anticipate that any objection to the Motion will be filed, and it is expected that the Court will enter an order approving the Motion and allowing the Administrative Expense Claim in the amount of $424,734.49 which arose pursuant to section 503 (b) (9) of the Bankruptcy Code.**

Assignor further represents and warrants that the amount of the Claim is not less than $424,734.49 that the Claim in that amount is valid and that no objection to the Claim exists; the Claim is a valid, enforceable claim against the Debtor; no consent, approval, filing or corporate, partnership or other action is required as a condition to, or otherwise in connection with, the execution, delivery and performance of this Agreement by Assignor, this Agreement has been duly authorized, executed and delivered by Assignor and Assignor has the requisite power and authority to execute, deliver and perform this Agreement; this Agreement constitutes the valid, legal and binding agreement of Assignor, enforceable against Assignor in accordance with its terms; no payment or other distribution has been received by Assignor, or by any third party on behalf of Assignor, in full or partial satisfaction of, or in connection with the Claim; Assignor has not engaged in any acts, conduct or omissions that might result in Assignee receiving in respect of the Claim proportionately less payments or distributions or less favorable treatment than other section 503(b)(9) administrative creditors; the Claim is not subject to any factoring agreement. Assignor further represents and warrants that no payment or goods have been received by Assignor, or by any third party claiming through Assignor, in full or partial satisfaction of the Claim, that Assignor has not previously assigned, sold or pledged the Claim to any third party, in whole or in part, that Assignor owns and has title to the Claim free of any and all liens, security interests or encumbrances of any kind or nature whatsoever, and that there are no offsets or defenses that have been or may be asserted by or on behalf of Debtor or any other party to reduce the amount of the Claim. Assignor agrees to indemnify Assignee from all losses, damages and liabilities, including attorneys fees and expenses, which result from Assignor's breach of any representation, warranty or covenant set forth herein, or from any action, proceedings, objection or investigation relating to any attempt or threatened attempt to avoid, disallow, reduce, subordinate or otherwise impair the Claim or otherwise delay payments or distributions in respect of the Claim (but only to the extent any such action described above applies solely to the Claim itself and not generally to section 503(b)(9) claims -- the defense of any action undertaken in the Debtor's bankruptcy case that challenges section 503(b)(9) claims generally shall be the responsibility of the Assignee and at Assignee's sole and exclusive risk). Neither party hereto assumes or shall be responsible for any obligations or liabilities of the other party related to or in connection with this Assignment of Claim.

The Assignee hereby undertakes and has any and all risk associated with the amount that will be paid to claimants generally, including to section 503(b)(9) claimants, in the Debtor's bankruptcy case. The parties understand and agree that the amount eventually paid to section 503(b)(9) claimants might pay the Claim less than the amount that Assignor is paying Assignee for this assignment, in fact it might even be nothing, in which event, the Assignee will suffer that loss; on the other hand, the parties also understand and agree that the amount eventually paid to section 503(b)(9) claimants might pay the Claim more than the amount that Assignor is paying Assignee for this assignment, in fact it might be 100%, in which event the Assignee will be entitled to the profit. Each party has taken its own advice on the advisability of a sale and purchase of the Claim at the price agreed upon and has not relied on comments, materials or other information from the other party to make the decision whether to sell or buy respectively.

{00606903 DOC;4 }

## CONSENT AND WAIVER

Assignor hereby acknowledges and consents to all of the terms set forth in this Assignment of Claim and hereby waives its right to raise any objections thereto and its right to receive notice pursuant to Rule 3001 of the Rules of Bankruptcy Procedure.

IN WITNESS WHEREOF, the undersigned Assignor hereunto sets its hand this __18TH__ day of __SEPTEMBER__ 2009.

ATTEST:

By: _____
　　Signature

___KBENDER @ FRESHMARK.COM___
E-mail Address

___Ken Bender / Corp. Controller___　___330/834-3583___　　　___330/830-3174___
　Print Name/Title　　　　　　　　　　Telephone Number　　　　　　　Fax Number

**Fresh Mark, Inc. d/b/a Sugardale Foods**

IN WITNESS WHEREOF, the undersigned Assignee hereunto sets its hand this __22ND__ day of __September__ 2009.

ATTEST:

By _____
　Paul Berg, Argo Partners