IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| COMMISSARY OPERATIONS, INC., | ) | Case No. 08-06279 |
| | ) | Chapter 11 |
| Debtor. | ) | Judge Harrison |

**ORDER CONFIRMING DEBTOR'S AMENDED
CHAPTER 11 PLAN OF LIQUIDATION**

On January 12, 2010, the Court held a hearing on confirmation (the "Confirmation Hearing") of the Debtor's Amended Chapter 11 Plan of Liquidation (the "Plan") filed on November 25, 2009. Capitalized terms used in this Order and not defined herein shall have their respective meanings set forth in the Plan, or if not defined in the Plan, as defined in the Bankruptcy Code. Based upon the pleadings, the history of these cases, the exhibits, the results of the Plan voting as tendered by counsel and the testimony of Lloyd W. Baldridge, Jr. at the hearing, the Court makes the following findings of fact and conclusions of law[1]:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

1.  The Debtor commenced this bankruptcy case, which case bears case number 08-06279, on July 22, 2008 by filing a voluntary petition for chapter 11 relief under Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") in this Court, the United States Bankruptcy Court for the Middle District of Tennessee ("Court" or "Bankruptcy Court").

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.

2. By order entered September 8, 2008, this Court set October 10, 2008 as the deadline for filing claims for allowance of an administrative expense arising under 11 U.S.C. § 503(b)(9).

3. By order entered September 22, 2008, this Court set November 7, 2008 as the Claims Bar Date[2] for the filing of proofs of claim, except for certain limited exceptions noted in that order.

4. On November 25, 2009, after proper notice and hearing as required by section 1125(b) of the Bankruptcy Code, the Bankruptcy Court entered the Expedited order Approving Amended Disclosure Statement, Fixing Time for Accepting or Rejecting Plan and for Objecting to Confirmation, and Scheduling Confirmation Hearing ("Order Approving the Disclosure Statement"), in which the Court approved the Debtor's Amended Disclosure Statement to Accompany Amended Chapter 11 Plan of Liquidation (the "Disclosure Statement") and authorized the Debtor to solicit votes with respect to the Plan.

5. The Debtor proposed the Plan as a plan of liquidation to provide for the treatment of all claims against the Debtor and its property and all equity interests in the Debtor.

6. The Plan, the Disclosure Statement, the Order Approving the Disclosure Statement, and ballots for solicitation of votes were mailed to all creditors and parties in interest entitled to receipt of same in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), local rules and the orders of this Court.

7. All creditors, equity security holders and other parties in interest, in accordance with the Bankruptcy Code, Bankruptcy Rules, local rules and the orders of this Court, received due, proper, sufficient and appropriate notice of: (a) the Plan; (b) the time within which ballots must have been received by the tabulation agent; (c) the time within which objections to

---

[2] Any capitalized terms not defined herein shall have the meaning ascribed to them in the Plan.

confirmation must have been filed; (d) the nature of the injunctive relief included in the Plan; and (e) the Confirmation Hearing.

8. The Order Approving the Disclosure Statement established January 4, 2010 as the last day for filing and serving objections to confirmation of the Plan. The only Objection to confirmation was filed by Arcobasso Foods, Inc. ("Arcobasso"), which objection was withdrawn at the Confirmation Hearing based on an agreement with the Debtor regarding the allowance of Arcobasso's 503(b)(9) Claim, the terms of which agreement were stated by counsel in open Court.

9. All objections to confirmation of the Plan were thus withdrawn or resolved by agreement prior to or at the Confirmation Hearing. To the extent any objections remained outstanding as of the Confirmation Hearing, the Court finds those objections to be without merit because, among other reasons, no creditor or party in interest appeared at the Confirmation Hearing to oppose confirmation of the Plan.

10. The order Approving the Disclosure Statement also established January 4, 2010 as the last day for submitting ballots accepting or rejecting the Plan to Debtor's counsel. At the Confirmation Hearing, the Court accepted as evidence the testimony of Debtor's counsel and an Exhibit reflecting the votes received on the Plan from the Debtor's creditors. This testimony reflected that all Classes of Creditors entitled to vote accepted the Plan by the requisite number of votes in both number and amount in compliance with section 1129(a)(7) of the Bankruptcy Code. Specifically, the proof reflected that Classes 1, 3 and 4 overwhelmingly voted in favor of the Plan, excluding the votes of Insiders. Further, all creditors casting ballots in Class 5 also voted in favor of the Plan. Thus, at least one impaired Class of voted to accept the Plan, without including any acceptance by an Insider.

11. The Disclosure Statement contained adequate information as required by the Bankruptcy Code.

12. The Plan meets all requirements of sections 1122 and 1123 of the Bankruptcy Code, and the Debtor has complied with section 1125 of the Bankruptcy Code with respect to the Plan.

13. The Debtor, as proponent of the Plan, has met its burden of proving all of the elements of sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of evidence, which is the applicable evidentiary standard in this Court. The Court also finds that the Debtor has satisfied the elements of sections 1129(a) and (b) of the Bankruptcy Code under a strict clear and convincing standard of proof.

14. Without implying that any other requirement for confirmation has not been met, the Court finds that the Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Case and the formulation of the Plan. The Plan was proposed with the legitimate and honest purpose of maximizing the recovery to Claimants under the circumstances of this Chapter 11 Case.

15. Without implying that any other requirement for confirmation has not been met, the Court finds that the insiders to be retained or employed by Debtor post-confirmation and the compensation to such insiders have been fully disclosed in compliance with section 1129(a)(5)(B) of the Bankruptcy Code.

16. Without implying that any other requirement has not been met, the Court finds that confirmation of the Plan is not likely to be followed by further financial reorganization and that the Plan is feasible and thus complies with section 1129(a)(11) of the Bankruptcy Code.

17. The Plan provides for the payment in full of all Administrative Expenses and Secured Claims that must be paid in full under the Plan and under section 1129 of the Bankruptcy Code.

18. The Plan complies with all requirements of the Bankruptcy Code.

19. The release and injunctive provisions set forth in the Plan and incorporated herein are necessary and reasonable under the unique facts and circumstances of this case.

20. The Bankruptcy Court has jurisdiction over this chapter 11 case pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2).

THEREFORE, based upon the foregoing determinations and findings of fact,

IT IS HEREBY ORDERED that:

1. The Plan filed November 25, 2009 is hereby confirmed and approved in all respects.

2. The Plan has been proposed in good faith and not by any means forbidden by law and complies with the applicable provisions of the Bankruptcy Code.

3. The objections to confirmation of the Plan that have not been withdrawn or waived are hereby overruled.

4. The Dissolution Agent, the Debtor and its directors, officers, agents, and representatives are hereby directed, authorized and empowered under Section 1142(b) of the

Bankruptcy Code to execute and deliver such documents and to take any necessary action or appropriate action to consummate the Plan or to effectuate this Order.

5. All of the existing stock of the Debtor is hereby canceled.

6. **Any person or entity who claims to be owed an Administrative Expense, including without limitation professional fees and employment benefits but excluding any 503(b)(9) Claims, must file and serve a motion or application for allowance of such expense in accordance with L.B.R. 9013-1 no later than the Administrative Expense Bar Date, which is the date that is ninety (90) days after the Effective Date, provided that if this date falls on a weekend or holiday, then the deadline shall be extended to the first business day after the ninetieth day.** Any claimant who fails to comply with this requirement shall be forever barred from collecting or taking any action to collect an Administrative Expense. Notwithstanding the foregoing, the U.S. Trustee shall not be required to comply with this provision with respect to quarterly fees owed by the Debtor.

7. **With regard to unexpired leases rejected as a matter of law pursuant to section 365(d)(4) of the Bankruptcy Code and executory contracts or unexpired leases deemed rejected by the Plan, the Rejection Bar Date is 30 days from the entry of this Order.** If a proof of claim is not filed by the Rejection Bar Date, such claim shall be forever barred and shall not be an Allowed Claim.

8. All approvals and consents of the equity interest holders and of the officers and directors of the Debtor as may be necessary to implement and carry out the Plan and the actions authorized by this Order are hereby deemed made or done.

9. This Court shall retain jurisdiction over this case and related matters, proceedings and issues only to the extent set forth in the Plan and as required by the Bankruptcy Code.

10. The rights of the members of all classes of Claims against the Debtor under the Plan, including, without limitation, the right to receive distributions on account of such Claims or Interests, hereafter shall be limited solely to the right to receive such distributions exclusively as provided in the Plan, and after the date hereof, the holders of such Claims or Interests shall have no other or further rights against the Debtor.

11. The Plan and its provisions shall bind the Debtor, any entity acquiring property pursuant to the Plan, and any creditors or equity interest holders, their agents, employees, officers, directors and other representatives, whether or not the Claim or Interest of such creditors or equity interest holders is impaired under the Plan and whether or not such creditors or equity interest holders have filed a Claim or accepted the Plan. Pursuant to section 1146(a) of the Bankruptcy Code, the transfer of the Debtor's real or personal property, including without limitation the real and personal property owned in West Virginia, shall not be taxed under any law imposing a stamp tax, transfer tax or any other similar tax.

12. The Debtor shall be and hereby is deemed to be, to the fullest extent permitted by section 1141 of the Bankruptcy Code, discharged and released of and from any and all claims, debts and liabilities of any kind or nature whatsoever that arose before the Effective Date of the Plan, and all debts of the kind as specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not (i) a Claim or a proof of claim based upon such debt is or has been filed or deemed to be filed under section 501 of the Bankruptcy Code; (ii) a Claim based upon such debt is or has been allowed under section 502 of the Bankruptcy Code; or (iii) the holder of a Claim based upon such debt has accepted the Plan.

13. Upon entry of this Order, the Debtor shall be entitled to all the protections set forth in section 524(a) of the Bankruptcy Code, including without limitation that this Order shall

void any judgment against the Debtor at any time obtained, to the extent such judgment relates to a Claim addressed in this Order, the Plan, or the Bankruptcy Code.

14. Except for the filing of applications for payment of an Administrative Expense in accordance with the Plan, and except for motions or actions filed in this Court to enforce the Plan or to obtain payment of Claims, all creditors and persons who have held, hold or may hold Claims, causes of action, debts or Interests, are permanently enjoined on and after the Effective Date against the: (i) commencement or continuation of any judicial, administrative, or other action or proceeding with respect to any Claim, Interest, debt or other right against the Debtor, which existed prior to or as of the Effective Date; (ii) enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree, or order on account of any Claim, Interest, debt other right against the Debtor or any assets or property of same which existed prior to or as of the Effective Date; (iii) creation, perfection or enforcement of any encumbrance of any kind against the Debtor or its property arising from or relating to a Claim, Interest, debt or other right existing prior to or as of the Effective Date; (iv) asserting a set-off, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtor; or (v) asserting any cause of action or claim or filing any judicial action to recover against a person on a cause of action or claim that is released by the Plan. This provision shall be binding on all of the Debtor's creditors and parties in interest, and all their successors and assigns, irrespective of whether a Claim was filed against the Debtor with respect to such debt, cause of action or other right against the Debtor.

15. The release, injunction and exculpation provisions set forth in sections 14.1 and 14.2 of the Plan are deemed incorporated in this Order as if set forth in full herein and are hereby approved in their entirety.

16. The failure to specifically include or reference any particular provision of the Plan in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Plan be confirmed in its entirety.

17. Lloyd W. Baldridge, Jr. is hereby approved as, and appointed, the Dissolution Agent under the Plan and is hereby authorized to pay himself for his services in accordance with the terms of the Plan. Mr. Baldridge, and any approved successor Dissolution Agent, is hereby authorized and directed to take all such actions as are necessary to implement the Plan without further approval of this Court, unless the Plan or the Bankruptcy Code expressly requires such further approval.

18. Notwithstanding anything to the contrary contained in the Plan, including, without limitation, Section 3.2 of the Plan, Bank of America, N.A.'s obligation on the Effective Date to release and transfer funds belonging to Debtor free and clear of any and all claims of the bank shall be subject to the bank's right to retain funds, in an amount not to exceed $2,000, to cover any bank fees or expenses incurred by Debtor pending the closing of Debtor's bank accounts; provided, however, that the bank shall return the balance of any retained amount, if any, upon satisfaction of Debtor's obligations to the bank.

19. The Agreed Order Resolving the Objection of Retalix USA, Inc. to the Expedited Order Granting Debtor's Motion for Approval of Sale of Certain of the Estate's Personal Property, Pursuant to 11 U.S.C. § 363 and Bankruptcy Rule 6004, Free and Clear of Liens, Claims and Encumbrances, and Approving Procedures for Such Sale, entered on November 12, 2008, docket number 815, shall remain in full force and effect upon confirmation of the Plan and shall survive the Effective Date.

20. This Order (a) is and shall be effective as a determination that, on the Effective Date, all liens and encumbrances existing prior to such date have been unconditionally released, discharged and terminated, except to the extent the Plan specifically otherwise provides, and (b) is and shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required, by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any document or instruments. Each and every federal, state and local government agency is hereby directed to accept any and all documents and instruments necessary, useful or appropriate (including Uniform Commercial Code financing statements) to effectuate, implement and consummate the transactions contemplated by the Plan and this Order without payment of any recording tax, stamp tax, transfer tax or similar tax imposed by state or local law.

21. If any provision of this Order is invalidated or otherwise reversed on appeal, it shall not affect any other provision hereof, and the remaining provisions of this Order shall remain valid and in full force and effect.

THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY
AS INDICATED AT THE TOP OF THE FIRST PAGE.

Submitted for entry by:

HARWELL HOWARD HYNE
GABBERT & MANNER, P.C.

By: /s/ Glenn B. Rose
     Glenn B. Rose
     Barbara D. Holmes
     David P. Cañas
     Tracy M. Lujan
     315 Deaderick Street, Suite 1800
     Nashville, Tennessee 37238
     Telephone: 615-256-0500
     Facsimile: 615-251-1058
     Email: gbr, bdh, dpc or tml@h3gm.com

Attorneys for the Debtor